**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4289**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

AUNDRA LOGAN,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:08-cr-00020-D-1)

Submitted:  November 21, 2011        Decided:  December 1, 2011

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aundra Logan pled guilty without a plea agreement to one count of escape from custody, in violation of 18 U.S.C. § 751(a) (2006). At sentencing, the district court calculated Logan's Guidelines range at twelve to eighteen months' imprisonment, U.S. Sentencing Guidelines Manual ("USSG") (2010), and imposed an upward variant sentence of thirty-six months' imprisonment. On appeal, Logan challenges this sentence as procedurally and substantively unreasonable.[*] We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This abuse-of-discretion standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly

---

[*] We previously affirmed Logan's conviction, vacated the district court's imposition of a thirty-six-month sentence, and remanded for resentencing. United States v. Logan, 395 F. App'x 38 (4th Cir. 2010) (No. 08-4853). We reject as without merit the Government's contention that Logan's appellate challenge to the district court's calculation of the Guidelines range at resentencing is barred from consideration by the mandate rule.

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). This court has recognized, however, that a district court's error in its sentencing calculations is rendered harmless if the sentence is ultimately justified by the § 3553(a) sentencing factors. United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008) ("[E]ven assuming the district court erred in applying the Guideline departure provisions, [the defendant's] sentence, which is well-justified by [the] § 3553(a) factors, is reasonable."); see also Puckett v. United States, 556 U.S. 129, ___, 129 S. Ct. 1423, 1432 (2009) (stating that "procedural errors at sentencing . . . are routinely subject to harmlessness review"); United States v. Mehta, 594

3

F.3d 277, 283 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010) (citing cases supporting the proposition that harmless error review applies to errors in sentencing calculations).

Logan argues that the district court erred in imposing a two-level enhancement to his offense level under USSG § 3B1.1(c). However, we conclude after review of the record that, even assuming the district court erred in its calculation of the Guidelines range, the court's thorough and meaningful articulation of relevant § 3553(a) factors that also justified the imposition of the thirty-six-month sentence renders the sentence reasonable.

We therefore affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED